IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MAHAMANE A. HAIDARA,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-22-03119 |
| **LOUIS DEJOY,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Mahamane Haidara ("Plaintiff"), who is self-represented, filed this employment discrimination action against his employer, Louis DeJoy, the Postmaster General of the United States Postal Service ("Defendant"). ECF 17. Plaintiff's Complaint asserts causes of action for discrimination on the basis of race, gender/sex, religion, and national origin, in addition to a retaliation claim. *Id.* at 4. Defendant filed a Motion to Dismiss or for Summary Judgment, ECF 34, along with various exhibits and a corrected memorandum of law in support, ECF 36. Plaintiff opposed the motion. ECF 41. This Court has reviewed the motion and the related briefing. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion to dismiss will be GRANTED, and Plaintiff's Complaint will be dismissed without prejudice.

**I.    FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint, ECF 17, and are assumed to be true for purposes of this motion.[1] Plaintiff is a black male from Mali, West Africa. *Id.* at 6. He

---

[1] Plaintiff's Complaint did not include much detail, which is one reason for its failure to state a claim. The additional information Plaintiff included in his opposition to Defendant's Motion

began working for USPS in 2004. *Id.* In late 2020 into early 2021, Plaintiff worked as the Delivery Customer Service Program Manager (EAS-22) in the Old Capital District Office. *Id.* In the only description of the discriminatory conduct he suffered, Plaintiff alleges that he "was involuntarily moved out of his Form 50 position to work at another station as a retaliatory measured [sic] against complainant for filing an EEO against his reporting manager at the OP's support for discriminatory harassment beginning November 2020 through January 2021 when complainant's instructions was [sic] undermined, subjected to hostile working environment and another specialist was detailed to his job duties by the Responsible Management official (RMO)." *Id.*

Plaintiff alleges that as a result of Defendant's actions, he experienced reputational damage and emotional distress requiring psychiatric care. *Id.* He further alleges that he "had to seek another position with lower grade (EAS-20) than what he had before this discriminatory harassment in order to remove himself from the hostile working environment." *Id.*

## II.   LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

---

cannot be considered in connection with a motion to dismiss. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Instead, in considering Defendant's Rule 12(b)(6) motion, this Court must limit its analysis to the four corners of Plaintiff's Complaint and any documents, such as the EEOC charge, integral thereto. Plaintiff's Complaint also uses certain lingo (such as "Form 50 position" and "OP's support") with which this Court is unfamiliar. To the extent Plaintiff seeks to amend his Complaint, he should ensure that he describes everything in a way that will be understandable to someone who does not work for USPS.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).[2]

### III. ANALYSIS

#### A. Failure To Exhaust Administrative Remedies

Initially, it is clear that Plaintiff brings certain claims in this action that he failed to exhaust through the administrative process as required by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5(f). The Fourth Circuit has clearly stated that before filing a Title VII suit, a plaintiff must exhaust administrative remedies by bringing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). Although administrative exhaustion is not jurisdictional, "a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill." *Ft. Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1852 (2019). Thus, if administrative exhaustion is raised and its assertion is meritorious, dismissal may be warranted under Rule 12(b)(6). *See Kenion v. Skanska USA Bldg., Inc.*, Civ. No. RDB-18-3344, 2019 WL 4393296, at *4 (D. Md. Sept. 13, 2019) (discussing *Davis*).

Administrative exhaustion is designed to facilitate the twin goals of "protecting agency authority in the administrative process and promoting efficiency in the resolution of claims." *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (internal quotation marks and alterations

---

[2] Defendant captioned its motion as a motion to dismiss or for summary judgment and attached declarations and exhibits to the filing, primarily consisting of the administrative record from the EEOC proceeding. ECF 34. While recognizing that the evidence Defendant has proffered may make it difficult for Plaintiff to prevail with respect to any discrimination or retaliation claim, in light of Plaintiff's self-represented status and overly conclusory pleading, this Court deems it inappropriate to treat this pre-discovery motion as a motion for summary judgment and is addressing it solely as a Rule 12(b)(6) motion to dismiss at this stage.

omitted); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013). To further those objectives, courts generally limit the scope of a plaintiff's subsequent federal lawsuit to the parties and claims named in the administrative charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). "[W]hen the claims in [the] court complaint are broader than 'the allegation of a discrete act or acts in the administrative charge,' they are procedurally barred." *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005)); *see also Chacko*, 429 F.3d at 506 ("[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

However, courts liberally construe EEOC charges because they are often filed by self-represented plaintiffs. *Chacko*, 429 F.3d at 509; *see Sydnor*, 681 F.3d at 594 ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs."). Federal courts are therefore not strictly confined to the claims presented to the EEOC but may also hear claims "reasonably related" to the plaintiff's EEOC charge that "can be expected to follow from a reasonable administrative investigation[.]" *Sydnor*, 681 F.3d at 594 (internal quotation marks omitted) (quoting *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)); *see also Stewart*, 912 F.3d at 705; *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (noting that an EEOC charge "does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002))).

Here, Plaintiff's February 22, 2021, EEOC charge made no mention of discrimination on the basis of race, sex, or religion. ECF 34-2 at 6. The only boxes checked under "type of discrimination you are alleging" are "national origin: Mali, West Africa" and "retaliation." *Id.* The EEOC's administrative investigation, therefore, was limited to those issues Plaintiff identified. Plaintiff's attempt to expand his allegations in this federal lawsuit to include discrimination based on race, gender/sex, and religion, therefore, is unavailing and those claims must be dismissed for failure to exhaust administrative remedies.

Similarly, while Plaintiff's factual assertions in his Complaint are sparse, there is one fact alleged in the Complaint that does not appear anywhere in the EEOC charge: that he "had to seek another position with lower grade (EAS-20) than what he had before this discriminatory harassment in order to remove himself from the hostile working environment." ECF 17 at 6. Plaintiff provides insufficient detail about that assertion for this Court to ascertain when he sought the new position or whether the incident fell within the EEOC's administrative investigation. If it did not, that claim would also be subject to dismissal for failure to exhaust.

### B. Failure to State a Claim

Plaintiff does assert three claims that were administratively exhausted in his EEOC charge: (1) hostile work environment based on national origin; (2) discrimination based on national origin when another specialist was assigned to his job duties; and (3) retaliation. The problem is that Plaintiff's Complaint contains no factual assertions to allow this Court to determine whether he has sufficient facts to plausibly substantiate any of those three claims. Instead, the Complaint contains only labels and conclusions. Using terms like "hostile work environment" and "retaliatory measure" do not provide the factual basis necessary for the claims to proceed to discovery.

For example, a hostile work environment exists only where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted). To establish such a claim, "a plaintiff must show that there is '(1) unwelcome conduct; (2) that is based on the plaintiff's [national origin]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011) (quoting *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 334 (4th Cir. 2010)). Here, Plaintiff has not pleaded facts to establish what conduct occurred, how frequently it occurred, or how it was national origin-based. Simple mistreatment of an employee, unfair decision-making, or rude conduct does not suffice to support a hostile work environment claim, no matter how "hostile" the environment may feel to the employee. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor" do not suffice. (internal citations and quotation marks omitted)); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a workplace dispute and "some perhaps callous behavior by her superiors" insufficient for a plaintiff to establish severe or pervasive activity, even at the Rule 12(b)(6) stage); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003) (determining that "disrespectful, frustrating, critical, and unpleasant" workplace interactions do not create a hostile work environment).

Similarly, Plaintiff's Complaint alleges no facts to substantiate his claim that his supervisor discriminated against him because of his national origin when she assigned another specialist to

7

his position. Certainly, he presents no direct evidence of discrimination, such as his supervisor stating that he was being removed from his position as a result of his national origin. Therefore, his discrimination claim must proceed under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The elements require that the plaintiff show that: "(1) he was a member of a protected class; (2) he was satisfactorily performing his job at the time of the [adverse action]; (3) he was [subjected to an adverse action]; and (4) the prohibited conduct in which he engaged was comparable in seriousness to misconduct of other employees outside the protected class who received less severe discipline." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019) (citation omitted). While Plaintiff need not plead a prima facie case to survive a motion to dismiss, he must at least plead facts which plausibly state a discrimination claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002). Here, Plaintiff has provided no facts about the circumstances of the job assignment to allow this Court to assess whether his claim that his supervisor assigned another specialist to his position because of his national origin is plausible or not.

  Plaintiff's third and final claim, retaliation, meets the same fate. Plaintiff has not alleged facts regarding when he was moved out of "his Form 50 position to work at another station" or why that transfer was undesirable or adverse, or whether that transfer occurred because of his complaints. Without such factual assertions, this Court cannot determine whether Plaintiff has pleaded a viable a claim for Title VII retaliation, which requires: "(1) that [plaintiff] engaged in [a] protected activity, (2) that the employer took a materially adverse action against [plaintiff] and (3) [that] there is a causal connection between the protected activity and the adverse action." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019). The retaliation claim, therefore, also must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss or for Summary Judgment, ECF 34, treated as a motion to dismiss, is granted. Plaintiff's claims are dismissed without prejudice. Should Plaintiff wish to file a motion seeking leave to amend his complaint, attaching his proposed amendment, he must do so within thirty days of the date of this Opinion. A separate Order follows, which will CLOSE this case subject to reopening if a timely motion for leave to amend is filed.

Dated: June 14, 2024

/s/
Stephanie A. Gallagher
United States District Judge